### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS TORRES MEDRANO,<br><br>**Plaintiff**<br><br>    v.<br><br>AGENT JORGE BORDALI CASANOVA, et al.,<br><br>**Defendant(s)** | **CIVIL NO.** 09-1165 (JAG) |

### OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Plaintiff Carlos Torres Medrano's("Torres") Motion to Alter Judgment under Fed. R. Civ. P. 59(e) (Docket No. 39). For the reasons set forth below, the Court **DENIES** Torres's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2009, Defendants Eurobank and Rivera ("Eurobank and Rivera") filed a motion to dismiss (Docket No. 17). In their motion, Eurobank and Rivera allege that Torres's claims should be dismissed because Eurobank and Rivera are private parties not subject to liability in this case. On September 30, 2009, Torres opposed Eurobank and Rivera's motion to dismiss (Docket No. 21). On October 26, 2009, Eurobank and Rivera replied to Torres's opposition (Docket No. 25).

On April 12, 2010, this Court entered partial judgment

Civil Case No. 09-1165 (JAG)                                        2

dismissing with prejudice Torres's claims against Eurobank and Rivera. (Docket Nos. 37 and 38). On April 15, 2010, Plaintiffs filed a Motion to Alter Judgment under Fed. R. Civ. P. 59(e). (Docket No. 39).

## STANDARD OF REVIEW

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d 25, 29 (1st Cir. 1994) (internal citations omitted). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." <u>National Metal Finishing Com.</u>, 899 F.2d 119, 123 (1st Cir. 1990).

## DISCUSSION

Torres argues that the Court committed a manifest error of law when it misconstrued the allegations of his complaint by not putting enough weight on the fact that Eurobank and Rivera had knowledge of Torres's bankruptcy proceedings. Plaintiff says that when Eurobank and Rivera reported the alleged car theft, they knew that no crime could have been committed because Eurobank and Rivera knew that Torres still owned the vehicle. Torres alleges that this information leads to the finding that Eurobank and

Civil Case No. 09-1165 (JAG)                                         3

Rivera were acting under the color of state law by intertwining themselves with the legal process.

Whether a crime had actually been committed does not affect the decision of this Court that Eurobank and Rivera were not acting under color of state law. Merely reporting an alleged crime, regardless of the outcome, does not amount to becoming a state actor under the nexus/joint action test, which requires the government to intertwine itself "into a position of interdependence with the private actor that it was a joint participant in the enterprise." Estades-Negroni v. CPC Hospital San Juan Capistrano, 412 F.3d 1,6 (1st Cir. 2005). Any knowledge on the part of Eurobank and Rivera is irrelevant to this analysis. After reporting the alleged crime, the responsibility of investigation then falls upon the police department. There is no evidence that Eurobank and Rivera had any part in the further proceedings before Torres's arrest.

Eurobank and Rivera were not acting under the color of state law as required for a violation of § 1983. Parrat v. Taylor, 451 U.S. 527, 535 (1981). Therefore, the partial judgment dismissing Torres's claims against Eurobank and Rivera must stand.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Torres's Motions to Alter Judgment under Fed. R. Civ. P. 59(e) (Docket No. 39).

Civil Case No. 09-1165 (JAG)                                          4

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 18th day of June, 2010.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge